UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DEVERICK LEWIS,<br>CDCR #J-49028<br><br>                    Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, Warden, A. HAMMETT, J. MENDEZ, R. BATTAD, F. GRISEZ, R. ESQUILIN,<br><br>                    Defendants. | Case No.: 3:22-cv-0029-GPC-DEB<br><br>**ORDER (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2) AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILING TO SATISFY THE FILING FEE REQUIRED BY 28 U.S.C. § 1914(A)** |

Brian Deverick Lewis ("Plaintiff" or "Lewis"), an inmate currently detained at California State Prison, located in Corcoran, California and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. He has also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

**I.      Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

1  $402.¹  *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to
2  prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.
3  § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*
4  *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, the Prison Litigation Reform Act's
5  ("PLRA") amendments to § 1915 require that all prisoners who proceed IFP to pay the
6  entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016);
7  *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their
8  action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281
9  F.3d 844, 847 (9th Cir. 2002).

10  Section 1915(a)(2) requires all persons seeking to proceed without full prepayment
11  of fees to file an affidavit that includes a statement of all assets possessed and demonstrates
12  an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In
13  support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of
14  the trust fund account statement (or institutional equivalent) for . . . the 6-month period
15  immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v.*
16  *King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the
17  Court assesses an initial payment of 20% of (a) the average monthly deposits in the account
18  for the past six months, or (b) the average monthly balance in the account for the past six
19  months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1);
20  28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects
21  subsequent payments, assessed at 20% of the preceding month's income, in any month in
22  which his account exceeds $10, and forwards those payments to the Court until the entire
23  filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.
24  ///

---

¹ In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

2

1   In support of his IFP Motion, Lewis has submitted a copy of his Inmate Trust Account Statement as well as a Prison Certificate completed by an accounting officer at GPDF. *See* ECF No. 2 at 6–8; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that between June 7, 2021 and December 7, 2021, Plaintiff maintained an average monthly balance of $664.26 and had $168.86 in average monthly deposits credited to his account. His available balance as of December 7, 2021, was $689.95. ECF No. 2 at 7.

In this matter, Plaintiff has not shown the indigence required to proceed IFP. Therefore, because Plaintiff has shown that he is able to pay the $402 filing fee in total, Plaintiff's Motion to Proceed IFP is **DENIED**.

## II. Conclusion and Order

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a);

3) Plaintiff is granted thirty (45) days leave from the date this Order is "Filed" in which to pay the $402 initial civil filing fee or provide adequate proof of his inability to pay.

**IT IS SO ORDERED.**

Dated: April 14, 2022

Hon. Gonzalo P. Curiel
United States District Judge