UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DEVERICK LEWIS, CDCR #J-49028<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, Warden, A. HAMMETT, J. MENDEZ, R. BATTAD, F. GRISEZ, R. ESQUILIN,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:22-cv-0029-GPC-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**<br><br>[ECF No. 62] |

Brian Deverick Lewis ("Lewis" or "Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Reconsideration of this Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. ECF No. 62. For the reasons discussed below the Court denies the motion.

## I. BACKGROUND

Lewis initiated this action on January 4, 2022, when he filed his original complaint. ECF No. 1. The Court dismissed that complaint without prejudice and Plaintiff filed a first amended complaint ("FAC") on June 13, 2022. ECF No. 6. The FAC raised five causes of

1

action alleging that while Lewis was confined R.J. Donovan Correctional Facility ("RJD"), Defendants violated his constitutional rights. *See id.* On October 13, 2022, the Court *sua sponte* dismissed Claims Two (due process) and Four (equal protection) of the FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and directed U.S. Marshal service of the FAC as to the three remaining claims. ECF No. 8.

As to those remaining claims, Lewis alleged that while he was an inmate at RJD, his First Amendment rights were violated when RJD Correctional Officer Defendants N. Hammett, J. Mendez, R. Battad, F. Grisez, R. Esquilin retaliated against him for filing grievances and reports concerning conditions in the kitchen at RJD (Claims One and Three). *See* ECF No. 6 at 4, 9, 34, 36. He also alleged Defendant Paramo, RJD's Warden during the relevant period, violated his constitutional rights when he failed to supervise his subordinates and stop the retaliation by other staff (Claim Five). *Id.*

Defendants moved for summary judgment on September 26, 2023, arguing that (1) Lewis failed to properly exhaust his administrative remedies as to most of his claims and (2) certain of Plaintiff's claims were barred by the statute of limitations. *See* ECF No. 32-2. On the same day, this Court issued an order notifying Plaintiff of the requirements for opposing summary judgment pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). ECF No. 34. On February 5, 2024, Lewis filed an opposition. ECF No. 49. Defendants filed a reply on February 20, 2024. ECF No. 49. Lewis filed a sur-reply on March 4, 2024.[1] ECF No. 51.

On August 8, 2024, the Court granted in part and denied in part, Defendants' Motion for Summary Judgment. ECF No. 6. Specifically, the Court found Lewis failed to exhaust administrative remedies as to all claims against Defendants Hammett, Mendez, Battad, Grisez, and Paramo. *Id.* As to Defendant Esquilin, the Court found Lewis had exhausted claims against him concerning three incidents occurring on January 23, 2017, January 27,

---

[1] The Court's original briefing schedule did not include leave for Plaintiff to file a sur-reply. *See* ECF No. 33. However, because Plaintiff is proceeding *pro se*, the Court accepted his sur-reply for filing.

2017 and April 20, 2017. *See id.* at 18. However, the Court found the claims related to the January 23, 2017 and April 20, 2017 incidents were barred by the statute of limitations. *Id.* at 20–21. In sum, the Court granted Defendants' summary judgment motion as to all claims except for Plaintiff's First Amendment retaliation claim against Esquilin related to the January 27, 2017 incident. *Id.* at 21.

On July 10, 2024, Lewis filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), along with a request for the Court to take judicial notice of documents filed in another federal civil rights case. ECF Nos. 61, 62. Defendants filed an opposition to the motion for reconsideration and a response to Plaintiff's request for judicial notice on August 9, 2024. ECF Nos. 65, 65-1. Plaintiff did not file a reply.[2]

## II.    REQUEST FOR JUDICIAL NOTICE

First, Lewis asks the Court to take judicial notice of documents filed in another federal civil rights case brought by Lewis: *Lewis v. Davis*, *et al.*, No. 3:19-cv-1060-TWR-WVG ("*Davis*"). Specifically, Plaintiff asks the Court to take judicial notice of his opposition to the motion for summary judgment, and the district court's order regarding summary judgment in *Davis*, which he alleges contain evidence supporting his motion for reconsideration. *See* ECF No. 61. Defendants do not oppose the request. *See* ECF No. 65-1.

A court may take judicial notice of facts not subject to reasonable dispute where the facts "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may take judicial notice of "undisputed matters of public record," but generally may not take judicial notice of "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d

---

[2] On August 30, 2024, the Court granted Plaintiff's request for an extension of time and ordered Lewis to file his reply no later September 23, 2024. ECF No. 67.

1119, 1125–26 (9th Cir. 2002)). Public records, including documents on file in federal court, are appropriate for judicial notice. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). The Court therefore GRANTS Plaintiff's unopposed request and takes judicial notice of Plaintiff's opposition to summary judgment (ECF No. 51) and the court's order granting summary judgment (ECF No. 54) in *Lewis v. Davis*, 3:19-cv-1060-TWR-WVG to the extent they contain undisputed facts. *See Lee*, 250 F.3d at 690.

### III.     MOTION FOR RECONSIDERATION

#### A.     Rule 60(b) Standard

Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud, misrepresentation, or misconduct by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b)*; School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000); *see also Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994) (stating Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances"). A motion for reconsideration should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F. 3d 1041, 1046 (9th Cir. 2003).

#### B.     Plaintiff's Arguments

In his motion for reconsideration, Lewis argues evidence submitted by Defendants

in support of their summary judgment motion was "incomplete and misleading" because portions of his administrative appeals in Appeal Log Nos. RJD-A-16-4248 and RJD-A-16-3931 (hereafter "RJD-16-4248" and "RJD-16-3931") were not included in their exhibits. ECF No. 62 at 4. He further argues that evidence from his filings in *Davis*, of which this Court takes judicial notice, shows he had exhausted his claims in RJD-16-3931. *Id.* at 5–6. While Lewis fails to cite the specific basis for his Rule 60(b) motion, the Court construes it under Rule 60(b)(3), which provides for reconsideration based on fraud, misrepresentation or misconduct by the adverse party.

In response, Defendants concede the exhibits provided in support of their summary judgment motion were missing pages as to Plaintiff's administrative appeals in RJD-16-4248 and RJD-16-3931. ECF No. 65 at 7, 9. They argue, however, that this evidence was available to Lewis when he filed his opposition and sur-reply to the summary judgment motion and his failure to raise these arguments at that time, is fatal to his motion for reconsideration. *Id.* at 12–14. Defendants further assert that the additional evidence does not alter the court's conclusion that those appeals were not exhausted by Lewis. *Id.* at 17–18. Finally, Defendants contend that even if Plaintiff's claims related to RJD-16-3931 are exhausted, they are barred by the statute of limitations. *Id.* at 19–20.

**C.  Discussion**

        ***1.  Appeal RJD-16-4248***

Lewis contends he is entitled to reconsideration based on alleged misrepresentation of his administrative appeals in RJD-16-4248. ECF No. 62 at 3–4. To prevail on a Rule 60(b)(3) motion, the movant must "prove by clear and convincing evidence" that the challenged judgment was obtained through fraud, misrepresentation, or other misconduct, and the conduct complained of prevented the losing party from fully and fairly presenting the defense. *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004); *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

First, while there is no dispute that Defendants failed to include documentation that Plaintiff pursued his appeal in RJD-16-4248 through the second level (as opposed to only

the first level), Plaintiff has not shown this evidence was unavailable to him at the time he responded to the summary judgment motion. Rule 60(b)(3) requires that the alleged fraud or misrepresentation "not be discoverable by due diligence before or during the proceedings." *Casey*, 362 F.3d at 1260 (quoting *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991)). In the Ninth Circuit, courts applying Rule 60(b)(3) have construed the due diligence requirement to focus on whether the moving party had prior knowledge of the alleged misrepresentation at issue in the motion, or sufficient notice to choose to pursue it at that time. *See United States for Use & Benefit of Nasatka Barrier, Inc. v. Int'l Fid. Ins. Co.*, 2019 WL 6971381, at *2 (C.D. Cal. 2019) (denying reconsideration when plaintiffs were aware of alleged misrepresentations involving adequacy of discovery responses during the trial and expressly declined to bring them to the Court's attention); *Sathianathan v. Smith Barney, Inc.*, 2009 WL 537158, at *5 (N.D. Cal. 2009) (denying reconsideration when alleged fraudulent statements were contained in opposing party's motion and reply brief, and moving party failed to act on it at that time); *see also Berry v. Dillon*, 291 F. App'x 792, 795 (9th Cir. 2008) (finding Rule 60(b)(3) relief inappropriate when evidence of alleged misrepresentation was in possession of moving party before trial).

  Here, Lewis provides a copy of his second-level appeal in RJD-16-4248 in support of his reconsideration (ECF No. 62-1 at 2–3) and offers no reason why he could not have done so in his response to Defendants' summary judgment motion, or at the very least argued at that time that the record Defendants provided of his administrative appeal in RJD-16-4248 was incomplete. Therefore, Lewis is not entitled to reconsideration under Rule 60(b)(3) because the materials were "discoverable by due diligence before or during the proceedings." *See Casey*, 362 F.3d at 1260.

  Furthermore, the Court notes that Lewis' administrative appeal in RJD-16-4248 was irrelevant to the issues presented on summary judgment. RJD-16-4248 is not even referenced in the Court's order because the appeal contained no allegations related to the First Amendment retaliation claims raised in Plaintiff's FAC. In RJD-16-4248, Lewis

6

complained about insufficient law library access, an unusable copier machine, and failure of library staff to comply with regulations regarding inmate access to legal materials (Cal. Code Regs., tit. 15 § 3122) and access to paper, envelops and postage for indigent inmates (Cal. Code Regs., tit. 15 § 3138). *See* ECF No. 62-1 at 2–5; *see also* ECF No. 65-3, Ex A at 8–23. The appeal named only Paramo and contained no factual allegations which, even if liberally construed, suggest First Amendment retaliation on the part of Paramo, or any Defendant. Thus, it provides no basis for exhaustion of those claims raised in the FAC.[3] *See Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (a grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress).

### 2. *Appeal RJD-16-3931*

Next, Plaintiff argues reconsideration is required based on Defendants' alleged misrepresentation of his administrative appeal in RJD-16-3931. ECF No. 62 at 4. In its summary judgment order, the Court found the claims in RJD-16-3931 were not properly exhausted because the appeal "was screened out without follow-up," after Plaintiff failed to include a copy of the rule violation report ("RVR") that formed the basis for his grievance with his appeal. *See* ECF No. 56 at 8 (citing ECF No. 32-7, Blanding Decl., ¶ 8(j) & Ex. J at 145). Defendants now concede the exhibits attached to their summary judgment motion did not include the complete grievance package related to RJD-16-3931, due to an administrative error.[4] ECF No. 65 at 9; *see also* ECF No. 65-3, Blanding Decl. at

---

[3] Even if the appeal contained claims relevant to retaliation, there is no evidence it was properly exhausted by pursing through the third level. *See Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) ("The California prison grievance system has three levels of review: an inmate exhausts administrative remedies by obtaining a decision at each level.") (citing Cal. Code Regs. tit. 15, § 3084.1(b)); *see also* Cal. Code Regs., tit. 15, § 3084.7(d)(3) (stating that third level review constitutes the decision of the Secretary of the CDCR and exhausts administrative remedies).

[4] Blanding attests he learned on August 7, 2024 that a different version of RJD-16-3931 was submitted in *Davis*. As a result, Blanding took another look at Plaintiff's appeal records and found there were two files related to RJD-16-3931 saved under the same file name except one included "completed" at the end of

¶ 8, 9. Specifically, Defendants failed to include documents showing Lewis re-submitted his appeal in RJD-16-3931 and it was again "screened out," this time because the RVR which provided the basis for the grievance had been dismissed.[5] ECF No. 65-3, Ex. B at 55, 68. The response screening out Plaintiff's second submission stated: "You were found not guilty of the RVR. What's left to appeal?" *Id.* at 55.

Lewis is not entitled to reconsideration under Rule 60(b)(3) because Defendants' purported misrepresentation was "discoverable by due diligence before or during the proceedings." *Casey*, 362 F.3d at 1260. Plaintiff concedes he was aware his appeal in RJD-16-3931 was screened out a second time. ECF No. 62 at 4–5. Yet he offers no explanation for his failure to raise this issue, or even reference RJD-16-3931, in his opposition and/or sur-reply to Defendants' summary judgment motion. Lewis admits he attached a copy of the letter screening out his second submission in RJD-16-3931 as an exhibit to a motion in another proceeding, filed on July 21, 2021. *See Lewis v. Davis*, *et al.*, No. 3:19-cv-1060-TWR-WVG ("*Davis*"), ECF No. 51 at 15. While Lewis states he no longer had a copy the response to his re-submission, he does not explain why he could not have referenced it, included an averment in his declaration, and/or asked this Court to take judicial notice of the document filed in *Davis*, as he does now on reconsideration. Therefore, he is not entitled to reconsideration under Rule 60(b)(3) because the evidence at issue was available to him at the time he responded to Defendants' summary judgment motion. *See Casey*, 362 F.3d at 1260.

### 3.     *Other Evidence of Exhaustion*

Finally, Lewis argues he is entitled to reconsideration because (1) an RJD staffer,

---

the file name while the other did not. Upon review of the files, Blanding discovered the complete grievance package. ECF No. 65-3, Blanding Decl. at ¶ 8.

[5] On September 14, 2016, Plaintiff was found not guilty of the RVR. ECF No. 65-3, Ex. B at 55. Lewis resubmitted his appeal in RJD-16-3931 on November 2, 2016 and it was screened for the second time on November 16, 2016. *Id.*

Sergeant Scharr, told him he had exhausted his remedies as to RJD-16-3931 and (2) the court in *Davis* also found he had exhausted his claims as to RJD-16-3931. ECF No. 62 at –5. First, these contentions do not support reconsideration under Rule 60(b)(3) because Lewis does not allege fraud, misrepresentation, or other misconduct on the part of Defendants. Furthermore, the documents Lewis requested this Court judicially notice make it clear these arguments were available to him at the time he responded to Defendants' summary judgment motion. For instance, Scharr's alleged statements to Lewis about exhaustion of RJD-16-3931 were made on November 30, 2016. *See* Pl.'s Decl., ECF No. 62-2 at 2. And the summary judgment order in *Davis* was issued on January 10, 2022.[6] *See Davis*, ECF No. 54. Yet, Lewis failed to raise either of these arguments in his February 5, 2024 response to Defendants' summary judgment motion. *See* ECF No. 49. Therefore, Lewis is not entitled to reconsideration under Rule 60(b)(3). *See Casey*, 362 F.3d at 1260.

Nor is reconsideration warranted under the other sub-sections of Rule 60(b). Plaintiff's a failure to raise these arguments on summary judgment was not the result of "mistake or excusable neglect" sufficient to satisfy Rule 60(b)(1). *See AmTrust Bank v. Lewis*, 687 F. App'x 667, 670 (9th Cir. 2017) ("Because [the plaintiff] could have made his arguments to the district court before entry of final judgment, he did not establish 'mistake, inadvertence, surprise, or excusable neglect' necessary for relief under Rule 60(b)(1) . . .."). And as discussed above, the evidence Lewis now points to is not "newly discovered." *See* Fed. R. Civ. P. 60(b)(2); *Coastal Transfer Co. v. Toyta Motor Sales, U.S.A., Inc.*, 883 F.2d 208, 212 (9th Cir. 1987) (stating "evidence in possession of the party before the judgment was rendered is not newly discovered" for purposes of Rule 60(b)(2)). Lewis does not allege the judgment is "void" or "has been satisfied." *See* Fed. R. Civ. P.

---

[6] Moreover, Plaintiff misreads the *Davis* court's summary judgment order. The court in *Davis* did not find Lewis had exhausted the retaliation claim(s) raised in the FAC before this Court via RJD-16-3931. In its order, the *Davis* court simply summarized arguments made by Lewis and the defendants and then went on to find RJD-16-3931 was irrelevant to the exhaustion issue in that case. *See Davis*, ECF No. 54 at 15–16.

---

60(b)(4)–(5). Lastly, Plaintiff fails to allege "extraordinary circumstances" required for relief under Rule 60(b)(6). *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (stating "a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment").

In sum, motions for reconsideration are not a vehicle for a litigant to attempt a second bite at the apple by raising facts or arguments available prior to the entry of summary judgment. *See Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) (holding the district court did not abuse its discretion in declining to consider an argument "raised for the first time on reconsideration without a good excuse"); *Hopkins v. Andaya*, 958 F.2d 881, 887 n. 5 (9th Cir. 1992) ("A defeated litigant cannot set aside judgment because he failed to present on a motion for summary judgment all the facts known to him that might have been useful to the court."). Therefore, Lewis is not entitled to reconsideration of the Court's finding that he failed to properly exhaust his claims in RJD-16-3931.[7]

## IV.   CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED**.

Dated:  October 17, 2024

Hon. Gonzalo P. Curiel
United States District Judge

---

[7] As Defendants argue in their opposition, even if Plaintiff could show he exhausted the retaliation claim raised in RJD-16-3931, it would be barred by the statute of limitations. The statute of limitations for § 1983 claims arising in California prisons is generally four years. *See* Cal. Civ. Proc. Code § 335.1 (setting two-year statute of limitations for personal injury actions); Cal. Civ. Proc. Code § 452.1 (tolling the statute of limitations for up to two years based on the disability of imprisonment). This limitation period is "tolled while an inmate completes the mandatory exhaustion process." *Soto v. Sweetman*, 882 F.3d 865, 870 (9th Cir. 2018). Here, Plaintiff stopped pursuing his administrative appeals as to RJD-16-3931 after he was notified his second submission in RJD-16-3931 was screened out on November 28, 2016 and after his November 30, 2016 conversation with Scharr. As such, the statute of limitation began to run on December 1, 2016 at the latest, and expired on December 1, 2020, over a year before Lewis filed his original complaint in this action on January 7, 2022. *See* ECF No. 1.