

1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DEVERICK LEWIS,<br>CDCR #J-49028<br><br>                    Plaintiff,<br><br>        vs.<br><br><br>DANIEL PARAMO, Warden, A.<br>HAMMETT, J. MENDEZ, R. BATTAD,<br>F. GRISEZ, R. ESQUILIN,<br><br>                    Defendants. | Case No.:  3:22-cv-0029-GPC-DEB<br><br>**ORDER GRANTING DEFENDANT ESQUILIN'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT**<br><br>**[Dkt. No. 72.]** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pending before the Court is Defendant R. Esquilin's motion for summary judgment filed on March 13, 2025.  (Dkt. No. 72.)  On March 18, 2025, a briefing schedule was issued requiring Plaintiff to file an opposition by April 25, 2025.  (Dkt. No. 74.)  On the same day, the Court also issued a *Klingele/Rand* Notice advising Plaintiff of Defendant's motion for summary judgment and noting, "If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial." (Dkt. No. 73.) Despite the notice, Plaintiff did not file an opposition.  On May 16, 2025, Defendant filed

a notice of Plaintiff's failure to oppose the summary judgment motion.  (Dkt. No. 77.)  Based on a review of the moving papers and supporting evidence, the Court GRANTS Defendant Esquilin's unopposed motion for summary judgment.

### Factual Background

Brian Deverick Lewis ("Plaintiff"), a state inmate, proceeding pro se and in forma pauperis, filed the operative first amended complaint pursuant to 42 U.S.C. § 1983.  (Dkt. No. 6, FAC.)  Plaintiff claims that while incarcerated at the R.J. Donovan Correctional Facility in San Diego, California, on January 27, 2017, his First Amendment rights were violated when Defendant R. Esquilin ("Esquilin") retaliated against him for filing grievances and reports against him.  (*Id.*)

The follow are the undisputed facts provided by Defendant and not disputed by Plaintiff.  At his deposition, Plaintiff testified that on January 27, 2017, he was approached by a fellow inmate with the moniker "Fred Dog"[1] who told Plaintiff to be careful because Esquilin was going to take Plaintiff to Classification[2] and remove him from his job in culinary and Esquilin showed Fred Dog a document from Plaintiff's Central File supporting his comments.  (Dkt. No. 72-5, Catrina Decl., Ex. H, Lewis Depo. at 18:17-19:6; 27:14-28:5.)  Plaintiff attests he never saw the document that Esquilin showed Fred Dog and Fred Dog did not describe the document Esquilin allegedly showed him.  (*Id.* at 20:11-21:24.)  As to the harm he suffered from Esquilin's alleged conduct on January 27, 2017, Plaintiff states he was removed from his job and was also harmed when Esquilin orchestrated an individual to assault him causing him to be in the hospital for ten days in early 2016.  (*Id.* at 62:23-63:21.)

Plaintiff acknowledged he received two or three rules violation reports ("RVRs") for

---

[1] At his deposition, Plaintiff stated that he does not know Fred Dog's actual name.  (Dkt. No. 72-5, Catrina Decl., Ex. H, Lewis Depo. at 19:14-21.)

[2] "Classification refers to the Unit Classification Committee (UCC) or the Initial Classification Committee (ICC) who classify incarcerated individuals, determine their programs, assign them job, and implement discipline regarding incarcerated individuals."  (Dkt. No. 72-3, D's SSUMF No. 6.)

possessing or manufacturing pruno,[3] an inmate-manufactured alcohol that is prohibited. (*Id.* at 50:3-25; 53:2-7; 57:10-58:10.)   On December 28, 2016, Plaintiff received an RVR (RVR Log No. 1819729) for possession of alcohol during a random search of Plaintiff's cell.  (Dkt. No. 72-5, Catrina Decl., Ex. B.)  Plaintiff had an RVR hearing on January 24, 2017 and was found guilty.  (*Id.*, Ex. C.)  On the same day, Plaintiff received a Notice of Classification Hearing from Correctional Lieutenant E. Ortiz regarding unassigning him from his cook job assignment.  (*Id.*, Ex. D; Dkt. No. 72-3, D's SSUF No. 5.)  However, Plaintiff testified he was ultimately removed from his job as a cook in culinary on February 7, 2017 based on RVR Log No. 2217628 for misusing three eggs which was reported by dismissed defendant Grisez.  (Dkt. No. 72-5, Catrina Decl., Ex. H, Lewis Depo. at 38:4-41:13; 42:22-43:19.)

## Legal Standard

### A.    Legal Standard on Summary Judgment

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986).  Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" if a sufficient evidentiary basis exists upon which a reasonable jury could find for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  A fact is material when it affects the outcome of the case.  *Id.* at 248.

The parties must support their assertions that a material fact cannot be or is genuinely disputed by (1) citing materials in the record, (2) showing that materials cited do not establish an absence or presence of genuine dispute, or (3) showing that the

---

[3] Pruno is created by placing fruit, sugar and water in a bag.  (Dkt. No. 72-5, Catrina Decl., Ex. H, Lewis Depo. at 50:15-23.)

adverse party lacks admissible evidence to support its factual position.  Fed. R. Civ. P. 56(c)(1)(A)-(B).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact.  *Celotex Corp.,* 477 U.S. at 323.  The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial.  *Id.* at 322-23.  If the moving party fails to bear the initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

Once the moving party has satisfied this burden, the nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex,* 477 U.S. at 324.  If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law.  *Id.* at 325.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In making this determination, the court must "view[] the evidence in the light most favorable to the nonmoving party."  *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001).  The Court does not engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the trier of fact.  *Anderson*, 477 U.S. at 255.

A district court may not simply grant a motion for summary judgment solely because the nonmoving party failed to file an opposition.  *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n. 4 (9th Cir. 1994); *In re Rogstad*, 126 F.3d 1224, 1227 (9th Cir. 1997) (it is error to grant a motion for summary judgment simply because the opponent failed to oppose the motion).  The court must determine whether the defendant has met its burden demonstrating an absence of material issues of fact before granting an unopposed motion.

*Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) ("Several of our prior decisions have made clear that a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law."). When a party fails to challenge the facts asserted by the moving party, the court may deem those facts undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2). Thus, the Court may grant a defendant's unopposed motion for summary judgment if the moving papers are themselves sufficient to warrant granting the motion and do not on their face reveal a genuine issue of material fact. *See Henry v. Gill Indus., Inc.,* 983 F.2d 943, 950 (9th Cir. 1993).

**B. Retaliation under the First Amendment**

Plaintiff's remaining cause of action is a First Amendment claim against Defendant Esquilin based on an alleged conversation Esquilin had with Fred Dog, on January 27, 2017, where Esquilin showed him a document from Plaintiff's Central File indicating he would get Plaintiff removed from his job as a cook in culinary.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (quoting *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). In the prison context, a First Amendment retaliation claim requires "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Brodheim*, 584 F.3d at 1269 (quoting *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005)).

In its motion, Defendant argues that Plaintiff's claim is solely based on a conversation between Esquilin and Fred Dog, which is hearsay, and cannot be considered

on a motion for summary judgment. (Dkt. No. 72-1 at 14-17.[4]) Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c); *see Jones v. Williams*, 791 F.3d 1023, 1032 (9th Cir. 2015) (unsworn statements of the inmate cook who told the defendant that food service coordinator had directed the inmate cook to mix pork in with the meat are hearsay and cannot be considered on summary judgment motion); *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (holding that it was an abuse of discretion for the district court, at the summary judgment stage, to consider information from an affidavit based on inadmissible hearsay rather than the affiant's personal knowledge). Because Plaintiff's retaliation claim is based on hearsay, it cannot be considered on summary judgment, and the Court GRANTS Defendant's motion for summary judgment. *See Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 345 n.4 (9th Cir. 1995) ("In general, inadmissible hearsay evidence may not be considered on a motion for summary judgment.").

However, even if the Court considers the inadmissible hearsay, Defendant argues that Plaintiff has not demonstrated he suffered an adverse action because he was not fired from his cook job due to Esquilin's alleged retaliatory conduct on January 27, 2017 but was fired from his cook job due to an RVR filed by Grisez, a dismissed defendant in this case. (Dkt. No. 72-1 at 19.)

In support, Defendant Esquilin declares that he has never shown an inmate a document from another inmate's central file or told an inmate that he would refer Plaintiff to the classification committee. (Dkt. No. 72-4, Esquilin Decl. ¶ 3.) Esquilin also states that he was not involved in the RVR against Plaintiff for possessing and manufacturing alcohol, not involved in having him removed from his job assignment as a dining room cook and never requested or orchestrated for an individual inmate to harm Plaintiff in any manner. (*Id.* ¶¶ 5-7.) Further, while Plaintiff testified that he was removed from his job

---

[4] Page numbers are based on the Cm/ECF pagination.

based on Esquilin's conduct, Plaintiff also provided testimony that he was removed from his cook job in culinary on February 7, 2017 due to RVR Log No. 2217628 reported by dismissed defendant Grisez, and not by Esquilin. (Dkt. No. 72-5, Catrina Decl., Ex. H, Lewis Depo. at 38:4-41:13; 42:22-43:19.) The record evidence also shows that the Notice of Classification Hearing for possession and manufacture of pruno, dated January 24, 2017, was to address unassigning Plaintiff from Job#DRC.002.003 which is Dining Room Cook. (Dkt. No. 72-5, Catrina Decl. ¶ 5; *id.*, Ex. D.) However, it appears that Plaintiff was reassigned from his job as cook to dining room worker on February 11, 2017 due to RVR Log. No. 2217628 for misusing eggs. (*Id.*, Ex. E at 17; *id.*, Ex. F.) Nonetheless, the evidence presented shows that Plaintiff was not removed from his cook job due to Esquilin's alleged conduct on January 27, 2017. Plaintiff has not filed an opposition disputing these supported facts. As such, Defendant has demonstrated there are no genuine issues as to any material fact as to whether Esquilin took any adverse action against Plaintiff. Plaintiff also alleged that he suffered harm from Esquilin's conduct on January 27, 2017 after Esquilin allegedly orchestrated in early 2016 an individual to assault him which caused him to be in the hospital for ten days. Plaintiff has not presented any evidence disputing Esquilin's declaration that he did not orchestrate this alleged attack. Moreover, it does not make logical sense that Plaintiff suffered harm prior to the alleged retaliatory conduct.

Therefore, because the Court concludes Defendant has demonstrated that there are no genuine issues of facts regarding whether Defendant Esquilin took any adverse action against Plaintiff, the Court need not address the remaining four elements of a retaliation claim. *See Hurd v. Garcia*, 454 F. Supp. 2d 1032, 1050 (S.D. Cal. 2006) ("Without evidence of all five elements, Plaintiff cannot succeed in establishing 'a viable claim of First Amendment retaliation.'") (quoting *Rhodes*, 408 F.3d at 567). In conclusion, the GRANTS Defendant's unopposed motion for summary judgment.

## Conclusion

Based on the above, the Court GRANTS Defendant's unopposed motion for

summary judgment on the remaining claim of retaliation against Defendant R. Esquilin. The Clerk of Court shall dismiss and close the case.

IT IS SO ORDERED.

Dated:  July 2, 2025

Hon. Gonzalo P. Curiel
United States District Judge